**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO HERNANDEZ-CICA, AKA Josue Gonzalez, AKA Pedro Martinez Bolvito, AKA Pedro Matias Bolvito,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 16-72179<br><br>Agency No. A200-244-015<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Roberto Hernandez-Cica, native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000), and we review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Contrary to Hernandez-Cica's contention, the BIA did not issue a streamlined order in his case.

Hernandez-Cica does not challenge the agency's dispositive finding that his asylum application was untimely and that he failed to establish extraordinary circumstances to excuse his untimely filing. Thus, we deny the petition for review as to asylum.

Substantial evidence supports the agency's determination that, even if credible, Hernandez-Cica failed to establish his experiences in Guatemala rose to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation marks omitted). Substantial evidence also supports the agency's conclusion that Hernandez-Cica failed to establish that it is more likely than not he will be persecuted if returned to Guatemala. *See Nagoulko*

2                                                                16-72179

*v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative").

Further, substantial evidence supports the agency's denial of Hernandez-Cica's CAT claim because he failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya*, 524 F.3d at 1073.

Finally, we lack jurisdiction to consider Hernandez-Cica's contentions regarding voluntary departure because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**